UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>CUSTOMS AND TAX ADMINISTRATION OF THE KINGDOM OF DENMARK (SKATTERFORVALTNINGEN) TAX REFUND SCHEME LITIGATION<br><br>This document relates to:<br><br>19-cv-01785; 19-cv-01867; 19-cv-01893; 19-cv-01781; 19-cv-01783; 19-cv-01866; 19-cv-01895; 19-cv-01794; 19-cv-01865; 19-cv-01904; 19-cv-01798; 19-cv-01869; 19-cv-01922; 19-cv-01800; 19-cv-01788; 19-cv-01870; 19-cv-01791; 19-cv-01792; 19-cv-01928; 19-cv-01926; 19-cv-01868; 19-cv-01929; 19-cv-01803; 19-cv-01806; 19-cv-01906; 19-cv-01801; 19-cv-01894; 19-cv-01808; 19-cv-01810; 19-cv-01809; 18-cv-04833; 19-cv-01911; 19-cv-01898; 19-cv-01812; 19-cv-01896; 19-cv-01871; 19-cv-01813; 19-cv-01930; 19-cv-01815; 19-cv-01818; 19-cv-01931; 19-cv-01918; 19-cv-01873; 19-cv-01924; 19-cv-10713. | MASTER DOCKET<br><br>18-md-2865 (LAK) |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW ON DISPUTED<br>FOREIGN LAW ISSUE (STANDARD OF PROOF FOR FRAUD)**

Defendants, by and through their undersigned counsel and pursuant to the Court's Order of January 14, 2025, ECF No. 1383, respectfully submit this supplemental memorandum of law in opposition to plaintiff Skatteforvaltningen's ("SKAT") Memorandum of Law on Choice of Law for Standard of Proof of Fraud, ECF No. 1248.

## PRELIMINARY STATEMENT

Prior to the Court's Order of January 14, SKAT failed, not once but twice, to carry its burden of showing that a purported Danish preponderance of the evidence standard should apply to SKAT's fraud claims in this case. *See* ECF Nos. 1356 & 1114 (Defendants' memoranda of law opposing SKAT's motions); *see also Yukos Cap. S.A.R.L. v. Feldman*, No. 15-cv-4964, 2016 WL 183360, at *2 (S.D.N.Y. Jan. 11, 2016) (the "party claiming foreign law applies carries both the burden of raising the issue that foreign law may apply in an action and the burden of proving foreign law to enable the district court to apply it in a particular case.") (citation omitted). On its third attempt, SKAT will strike out for the same simple reason: the Danish burden of proof is higher than a preponderance of the evidence. SKAT cannot establish that Danish law provides a standard lower than New York's standard of clear and convincing evidence.[1]

## ARGUMENT

As the Court's Order of January 14 explained, SKAT's expert, Mads Bryde Andersen, "has provided no statutory, precedential or academic support for his assertion that the general standard of proof under Danish law in civil cases is the greater weight, or the preponderance, of the evidence with unspecified exceptions in individual cases." ECF No. 1383. In fact, there are ample

---

[1] Even if SKAT could establish a Danish preponderance of the evidence standard for civil fraud claims, and it cannot, the Court should nonetheless instruct the jury that the standard of proof under New York law applies to SKAT's fraud and aiding and abetting fraud claims. *See* ECF No. 1356 at 5–8 (explaining the clear and convincing evidence standard is a procedural aspect of New York law); *id.* at 8–10 (discussing New York's interest analysis for choice of law). There is simply no logical reason to apply New York law to every other aspect of this case but to inject Danish law to lower SKAT's burden of proving fraud.

precedential and academic authorities discussing the burden of proof in Danish civil cases, but they do not support Mr. Andersen's conclusion that the general standard of proof in Denmark is a preponderance of the evidence.[2]  For instance, in their textbook on Danish tort law (in its sixth edition), Professors Bo von Eyben and Helle Isager explain that, unlike "in a number of countries" where the standard of proof is "a probability level of at least 51%," in Denmark "the standard of proof is higher than this."  Pilgaard Decl. Ex. 3 at 6.[3]  Professor von Eyben is a leading figure on matters of Danish civil procedure whom SKAT's expert, Mr. Andersen, has cited frequently in his declarations in this case.  *See, e.g.*, ECF No. 1072 ¶ 141 ("[The Danish Limitation Act] is subject to an extensive (1157 pages) and highly reputed handbook by Professor Bo von Eyben . . . ."); ECF No. 834 ¶ 155 (stating "I agree with the contents of Professor von Eyben" regarding SKAT's obligation to make certain investigations).

Other Danish legal experts agree with Professors von Eyben and Isager regarding the burden of proof.  Attorney Erik Hørlyck in *The Burden of Proof in Civil Cases* specifically cites von Eyben's and Isager's analysis that "the general standard of proof must be stricter" than a preponderance of the evidence.  Pilgaard Decl. Ex. 4 at 6.  Professor Bernhard Gomard and District Judge Michael Kistrup in their treatise *Civil Procedure* (in its eighth edition) have similarly explained that while "[t]he mere balance of probabilities" (*i.e.*, a preponderance of the evidence)

---

[2] "[T]here are no specific statutory provisions in Danish law that regulate the requirements for the standard of proof."  Declaration of Foreign Law of Kasper Bech Pilgaard dated January 24, 2024 (the "Pilgaard Decl.").  SKAT cannot carry its burden of showing that there is a definite standard of proof for civil fraud claims in Denmark, much less that the standard is a preponderance of the evidence.

[3] Mr. Andersen also contends that "[t]here is no basis in contemporary Danish legal literature for assuming that in civil law cases, Danish courts require a higher standard of proof for fraud claims than for other tort claims."  Andersen Decl., ECF No. 1072, ¶ 25.  Mr. Andersen and SKAT overlook, however, that the general standard for *all tort claims* in Denmark is higher than a preponderance of the evidence.  *See also id.* ¶ 21 ("Under Danish law, a defendant who commits the conduct SKAT alleges in its claims described above is liable for the resulting losses because such conduct qualifies as tortious.")

"is sufficient in some situations," "probably in most [] situations a fairly high degree of probability is required." Pilgaard Decl. Ex. 2 at 6. More specifically, in a tort case such as this one, "to impose liability under the fault rule outside contractual relationships, *a fairly high degree of probability* that the tortfeasor has acted culpably is generally required." *Id.* (emphasis added).

In a supplemental declaration filed on January 24, 2025, ECF No. 1397, Mr. Andersen has neither rebutted those authorities nor cited any contrary authorities stating that a Danish court would definitively apply to civil fraud claims a preponderance of the evidence standard. In fact, Mr. Andersen has attached to his new declaration excerpts of the **same authorities** that Mr. Pilgaard has cited and that indicate that the Danish standard is stricter than a preponderance of the evidence. *Compare* ECF No. 1397-7 at 14 (von Eyben and Isager: "One could then imagine that the standard of proof would be . . . a probability level of at least 51% . . . . This is also how the standard of proof is formulated in a number of countries . . ., but not in Denmark, where the standard of proof is higher than this."), *with* Pilgaard Decl. Ex. 3 at 6 (same, except without the word "also"); *compare* ECF No. 1397-3 at 3 (Gomard and Kistrup: "the assumption of culpa in a tort case generally requires proof of a high degree of probability thereof"), *with* Pilgaard Decl. Ex. 2 at 6 (Gomard & Kistrup: "a fairly high degree of probability that the tortfeasor has acted culpably is generally required"). Thus, Mr. Andersen also relies on authorities that agree that "generally" Danish courts in tort actions apply a burden of proof stricter than a preponderance of the evidence.[4]

---

[4] There is another fatal flaw in SKAT's position. Mr. Andersen explains that "[p]rivate law claims in Danish state courts are *never* heard by juries. For that reason, *all* evidentiary points in dispute are decided by state court judges as *an integral* part of their decisions on the substantial merits of the case." ECF No. 1397 ¶ 16 (emphasis in original); *see also* ECF No. 1397-2 at 15 ("This means, firstly, that there is no general requirement for the strength of evidence . . . and secondly, that the strength of the individual evidence is determined by the court." (Hørlyck)). That approach is fundamentally incompatible with the respective roles played by the Court and the jury in this case.

- 3 -

Von Eyben, Isager, and Hørlyck all discuss, as one piece of support for their conclusions, the Danish judicial decision U.2005.2151H (Pilgaard Decl. Ex. 5), in which the Danish Court of Appeal found "that the term 'reasonable probability' in [a statute concerning vaccination injuries] must be understood to mean that it contains a relaxation of the usual requirements for proof of causation." *See* Pilgaard Decl. Ex. 4 at 6.  Von Eyben, Isager, and Hørlyck explain that because a "preponderance of probability corresponds to more than 50% probability and is tantamount to a relaxed requirement, the general standard of proof must be stricter." *Id*.

Other Danish judicial decisions also reflect Danish courts routinely applying in tort cases a burden of proof standard higher than a preponderance of the evidence.  *See* Pilgaard Decl. Ex. 6 at 18 (U.2009.239Ø) ("The Court of Appeal does not find that there is a basis for easing this burden of proof."); Ex. 7 at 3 (U.2000.298H) (party in employment case bore "a very heavy burden of proof"); Ex. 8 at 9 (U.2000.197H) (civil case holding "that it has been established beyond reasonable doubt that A intended to hit the oncoming truck"); Ex. 9 at 6 (U.1999.1706H) ("[W]e find that the insurance company is not obliged to pay the insurance sum to Anni Sejersbøl, as we find it proven beyond reasonable doubt that his death was caused by him 'by intent or gross negligence' . . . ."); Ex. 10 at 4 (U.1997.949V) (finding insurance company bore "particularly heavy" burden of proof to "show that the content of the reconstructed insurance policy is consistent with the content of the insurance application").  Cases involving the Danish state, as this case does, can involve an even more heightened standard of proof.  *See* Pilgaard Decl. ¶¶ 29–33 (discussing example of U.2003.2425V, Pilgaard Decl. Ex. 11, where the High Court found that the Danish government had not met a strict standard of proof to show that a painting was part of a confiscated estate).

The above cases and other authorities support the conclusion that a Danish court would apply to civil fraud claims a standard higher than a preponderance of the evidence, at least equal to New York's clear and convincing evidence standard for fraud claims. As seen in U.2000.197H and U.1999.1706H, some Danish decisions even apply the beyond a reasonable doubt standard in tort actions. *See also* Pilgaard Decl. Ex. 8 at 9 (dissenting opinion in U.2000.197H "that it is not beyond all reasonable doubt that the deceased intentionally drove into the truck").

## CONCLUSION

SKAT has failed, on three occasions, to carry its burden of showing that (i) Denmark's standard differs from New York's, (ii) Denmark's standard is a preponderance of the evidence, and (iii) Denmark's standard should apply to this case. In these circumstances, a different rule applies to SKAT: three strikes, you're out.

For the reasons set forth above, the Court should instruct the jury that the standard of proof under New York law applies to SKAT's fraud and aiding and abetting fraud claims.

Dated: New York, New York
January 24, 2025

Respectfully submitted,

/s/ Peter G. Neiman
Peter G. Neiman
Nelson S. Castano
WILMER CUTLER
  PICKERING HALE AND
  DORR LLP
7 World Trade Center
250 Greenwich St.
New York, NY 10007
(212) 230-8800
Peter.Neiman@wilmerhale.com
Nelson.Castano@wilmerhale.com

Andrew S. Dulberg
WILMER CUTLER
   PICKERING HALE AND
   DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6352
Andrew.Dulberg@wilmerhale.com

Brittany R. Warren
WILMER CUTLER
   PICKERING HALE AND
   DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037 NW
(202) 663-6772
Brittany.Warren@wilmerhale.com


*Attorneys for Richard Markowitz, Jocelyn Markowitz, Avanix Management LLC Roth 401(K) Plan, Batavia Capital Pension Plan, Calypso Investments Pension Plan, Cavus Systems LLC Roth 401(K) Plan, Hadron Industries LLC Roth 401(K) Plan, RJM Capital Pension Plan, RJM Capital Pension Plan Trust, Routt Capital Pension Plan, Routt Capital Trust*


/s/ *Sharon L. McCarthy*
Sharon L. McCarthy
Maxwell W. Brown
KOSTELANETZ LLP
7 World Trade Center
250 Greenwich St.
New York, NY 10007
(212) 808-8100
smccarthy@kostelanetz.com
mbrown@kostelanetz.com

Nicholas S. Bahnsen
Daniel C. Davidson
KOSTELANETZ LLP
601 New Jersey Avenue, NW
Suite 260
Washington, DC 20001

(202) 875-8000
nbahnsen@kostelanetz.com
ddavidson@kostelanetz.com

*Attorneys for Defendants John van Merkensteijn, III, Elizabeth van Merkensteijn, Azalea Pension Plan, Basalt Ventures LLC Roth 401(K) Plan, Bernina Pension Plan, Bernina Pension Plan Trust, Michelle Investments Pension Plan, Omineca Pension Plan, Omineca Trust, Remece Investments LLC Pension Plan, Starfish Capital Management LLC Roth 401(K) Plan, Tarvos Pension Plan, Voojo Productions LLC Roth 401(K) Plan, Xiphias LLC Pension Plan*